## J. F. BLANTON'S ADM'R v. W. B. BLANTON'S ADM'X, ET AL.

**Surviving Partner—Right to Sell Assets, etc.**

    A surviving partner has a right to retain possession of firm assets, to sell them, collect the debts and settle the business of the firm, and the administrator of the deceased partner has no power to prevent such partner from so doing; and where such partner converts the assets to his own use in order to make the administrator liable, it must be shown that facts existed which made it his duty to take action, and such as would have enabled him to prevent such conversion, and that he was or ought to have been aware of such facts.

APPEAL FROM OWEN CIRCUIT COURT.

June 12, 1878.

OPINION BY JUDGE COFER:

Sow had a right, as surviving partner, to retain the possession of the firm assets, to sell them and collect the debts and settle the business of the firm; and the only duty of the administratrix of Blanton was to prevent, as far as she could by reasonable prudence and care, any misconduct on his part calculated to injure the estate of her intestate in the matter.

The only ground of complaint urged against her in the pleading offered was that she knew Sow was insolvent, and permitted him

to retain the assets for a period of about two years, which time he sold the drugs and collected the money therefor, collected the debts and converted both to his own use.

He had a right to retain possession of the drugs, to sell them and receive the proceeds to collect the debts, and to a reasonable time in which to do so. It is not alleged, and the court cannot know, that two years was more than a reasonable time in which to make the sales and collections. It is not alleged that the administratrix was aware of any conduct on the part of Sow that would have enabled her by coercive measures or otherwise to prevent him from converting the assets to his own use, nor that he was in fact guilty of any such conduct before he had made such conversion, or that there was any means by which she could have prevented the loss complained of.

In order to render her liable it must be shown that facts existed which made it her duty to take action, and that would have enabled her to prevent the doing of that for which she is sought to be made liable, and that she was, or ought to have been, aware of the existence of such facts. This was not attempted.

That Sow was insolvent of itself furnished no grounds for proceedings on her part to deprive him of his rights as surviving partner; and no such grounds being shown it was not shown that she had neglected her duty; and the court properly refused to allow the answer and cross-petition to be filed. Judgment *affirmed.*

*James Blackwell, for appellant.*

*H. P. Montgomery, for appellees.*

